# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAMAR GRANBERRY,

   Petitioner,

 -v-             Case No. 03-C-0340

MATTHEW J. FRANK,
Secretary of the Wisconsin
Department of Corrections,

   Respondent.

## DECISION AND ORDER

On April 21, 2003 the petitioner, Shamar Granberry ("Granberry") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following the Court's initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court directed respondent Matthew Frank ("Frank") to file an answer. Frank filed his answer, and accompanied it with a motion to dismiss the habeas petition as untimely.[1]

---

[1] The respondent's allegation that a petition is barred by the statute of limitations ought to be brought as a part of the respondent's answer, not as a separate motion to dismiss. *See* Rule 5(b) of the Rules Governing Section 2254 Cases ("The answer must . . . state whether any claim in the petition is barred by . . . a statute of limitations."); *see also Chavez v. Morgan*, 932 F. Supp. 1152, 1152-53 (E.D. Wis. 1996). Because Frank's motion to dismiss, though, was filed simultaneously with his answer, the Court will treat Frank's motion to dismiss as part of the answer that he filed. However, parties in the future ought to comply with Rule 5(b) and the Court's holding in *Chavez*, and include any of its affirmative defenses in the answer itself.

The Court allowed Granberry to submit a reply to Frank's answer, pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases. In lieu of its reply, Granberry filed a motion for a temporary stay, or in the alternative, a motion to dismiss his petition without prejudice. There is no need to further delay this proceeding, though, because Granberry's petition is untimely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitation for filing habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The one year statute of limitations generally runs from the date of the final judgment on direct review or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] In the instant action, Granberry's time for taking a direct appeal of his conviction to the Wisconsin Court of Appeals expired on February 16, 1998.[3] Granberry did not file the instant federal habeas petition, though, until August 21, 2003, well after the running of the one year statute of limitations.

Granberry argues, though, that the statute of limitations should be equitably tolled. His argument is based on the circumstances surrounding the communication, or lack

---

[2] While not applicable here, the statute of limitations can also run from: (1) the removal of any state-imposed impediment that unconstitutionally prevented the filing of such a petition; (2) the Supreme Court's recognition of a new, retroactively applicable constitutional right; or (3) the emergence or recognition of any new facts supporting the petitioner's claim that "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D).

[3] Granberry was convicted of first degree intentional homicide on August 29, 1997. The Wisconsin Court of Appeals granted him an extension to file a notice of appeal to February 16, 1998. He did not comply with that deadline.

2

thereof, that he had with his appellate counsel, and the resulting misunderstanding that Granberry apparently had about the status of his appeal.

After his conviction on August 29, 1997, Granberry acquired appellate counsel to appeal his case. On December 11, 1997, his appellate counsel, Assistant State Public Defender Charles Vetzner, filed a motion to extend the time for filing a motion for postconviction relief or a notice of appeal. Granberry needed an extension of time because he had, apparently, discharged Vetzner as his appellate counsel, and thus needed more time to "retain private counsel or represent himself." A copy of the motion, along with the transcripts and records in Vetzner's possession, was sent to Granberry.

Three years later, in December 2000, Granberry wrote the Wisconsin Court of Appeals inquiring about the status of his appeal. The court of appeals issued an order explaining that there was no appeal pending, suggesting that any ineffective of assistance of counsel claim must be brought as a habeas petition, and recommending that Granberry correspond with Vetzner as to why the appeal was never pursued.

Subsequently, Granberry and Vetzner exchanged letters, which reflected differing recollections of what occurred. Granberry recalled that Vetzner promised to file a no merit report and seek an extension to do so. Vetzner, though, recollected that Granberry discharged him and needed an extension of time to find a private attorney or proceed pro se.

3

Case 2:03-cv-00340-RTR   Filed 10/06/05   Page 3 of 5   Document 19

Following the suggestion of the Wisconsin Court of Appeals, Granberry filed a Wisconsin habeas petition, alleging ineffective assistance of counsel. On May 3, 2002, the Wisconsin Court of Appeals denied the petition as untimely. The Wisconsin Court of Appeals noted that in December 1997, Granberry received a copy of the motion that Vetzner filed indicating that he considered himself discharged from the case, but that Granberry did nothing. Because Granberry had notice, the court of appeals concluded, the tardy filing of his habeas petition could not be considered.

Now, before this Court, Granberry argues that the one year statute of limitations for his federal habeas petition should be tolled because Granberry, in December 1997, was young, only had a ninth grade education at the time, and was never warned about the risks of proceeding pro se.

None of these reasons warrant equitably tolling his statute of limitations. Equitable tolling is only granted "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the [federal] habeas petition." *Gilden v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). Granberry's youth, relative lack of education, and his lack of legal knowlege are not such extraordinary circumstances. *See, e.g., Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). As the Seventh Circuit said recently in *Williams v. Sims*, 390

4

F.3d 958 (7th Cir. 2004), even reasonable mistakes of law made by pro se litigants are not a basis for equitable tolling. *Id.* at 963. Otherwise, "statute of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have . . . any lawyers." *Id.* The Court, therefore, cannot equitably toll the statute of limitations, and must dismiss Granberry's habeas petition as untimely filed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Granberry's Petition for a Writ of Habeas Corpus (Docket #1) is **DENIED.**

Frank's Motion to Dismiss (Docket #4) is **DISMISSED** as moot, because the Court construed it as being part of Frank's answer.

Granberry's Motion for "Temporary Stay or, in the Alternative, for Dismissal Without Prejudice" (Docket # 10) is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2005.

**SO ORDERED,**

   **s/ Rudolph T. Randa**

**HON. RUDOLPH T. RANDA**
Chief Judge

5